1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VIRGINIA LUTZ,

                              Plaintiff,

v.

CONTINENTAL SERVICES, INC., d/b/a
CONTINENTAL WARRANTY COMPANY,
MCG ENTERPRISES INC., d/b/a
CONTINENTAL WARRANTY COMPANY
and CONTINENTAL WARRANTY
COMPANY, INC., a foreign corporation,

                              Defendant.

No.  C07-974Z

ORDER

THIS MATTER comes before the Court on a Motion by Defendant, Continental

Services, Inc., d/b/a Continental Warranty, MCG Enterprises, Inc., and Continental

Warranty, Inc. to Compel Arbitration, docket no. 13.  Having considered the parties' original

and supplemental briefs, declarations, and exhibits thereto, the Court GRANTS Defendant's

Motion to Compel Arbitration.

I.      BACKGROUND

        Plaintiff, Virginia Lutz, began her employment with Defendant, Continental Services,

Inc., et al., [hereinafter "Continental"] in March of 2004 as a customer service representative

in Lynwood, Washington.  Jackson Decl., docket no. 15-1, ¶ 3. Continental employs

ORDER   1–

1   customer service representatives to sell automotive warranties via telephone to customers

2   throughout the United States.  Id. ¶ 2.  In accepting employment with Continental, Plaintiff

3   signed an employment agreement which contained a mandatory arbitration provision.  Id. ¶

4   3.  Plaintiff resigned from Continental in December 2005.  Id. ¶ 4.  In April 2006, Plaintiff

5   filed a complaint with the EEOC.  Exh. 1 attached to Lutz Decl., docket no. 19.  A right to

6   sue letter was issued on March 26, 2007.  Exh. 2 attached to Moote Decl., docket no. 18-1.

7   On June 22, 2007, Plaintiff commenced the present action against Continental.  Id.  In this

8   action Plaintiff alleges: (1) Sexual Harassment/Hostile Work Environment; (2) Gender

9   Discrimination/Wrongful Termination/Disparate Treatment/Disparate Impact; (3)

10  Retaliation; (4) Wrongful Constructive Employment Discharge; (5) Breach of Contract; (6)

11  Violation of Public Policy and Common Law; (7) Intentional Infliction of Emotional

12  Distress; (8) Outrage; and (9) Negligent Supervision and Training.  Second Am. Compl.,

13  docket no. 24; Diamond Decl., docket no. 14-1, ¶ 3.  Plaintiff indicated to Defendants that

14  she would not agree to arbitration.  Diamond Decl, docket no. 14-1, ¶ 9;  Exh. G attached to

15  Diamond Decl., docket 14-3, at 49.  Continental requests that the Court compel arbitration of

16  all of Plaintiff's claims and stay the action pending the arbitration.  Defendant's Motion,

17  docket no. 13, at 8-9.  The arbitration provision of the employment agreement provides:

18  8.00 Arbitration

19       8.01.  Except as otherwise provided with respect to Disability, all claims, disputes and
         other matters in question *arising out of or related to this Agreement* or the breach
20       hereof, shall be decided by arbitration in accordance with the then current commercial
         arbitration rules of the American Arbitration Association [AAA] unless the Parties
21       mutually agree otherwise.

22  Exh. A attached to Jackson Decl., docket no. 15-2, at 11 (emphasis added).

23       The agreement was signed by Plaintiff during an orientation session at the beginning

24  of her employment.  Lutz Decl., docket no. 19, ¶ 3.  Plaintiff alleges that no one "discussed,

25  explained, or highlighted . . . the lawsuit waiver or arbitration provisions contained therein."

26

ORDER  2–

1    Id. ¶ 4.  Additionally, Plaintiff alleges she does not, "have [any] recollection of reading the

2    specific section concerning arbitration."  Id. ¶ 5.

3         Continental moves to compel arbitration of Plaintiff's claims as they are covered by

4    the arbitration clause in the employee agreement.  Plaintiff argues that the Court cannot

5    compel arbitration because: (1) there is no valid employment agreement as Continental did

6    not sign the agreement; (2) Continental waived its right to arbitration; (3) the arbitration

7    clause in the employment agreement is unconscionable; and (4) the claims are not within the

8    scope of the arbitration.  After considering the arguments advanced by both parties, the Court

9    GRANTS Continental's Motion to Compel Arbitration.

10   II.    DISCUSSION

11        1.    Valid Employment Contract

12        Section 2.01 of the Agreement states that the "'Execution Date' means the date upon

13   which this Agreement is signed by the last Party to sign this Agreement."  Jackson Decl.,

14   docket no. 15-2, Exh. A at 6.  Plaintiff argues that the Agreement is invalid as it was not

15   signed by both parties.  However, Plaintiff signed the Agreement and Continental employed

16   her pursuant to that Agreement.  The Federal Arbitration Act does not require that the

17   agreement containing the arbitration clause be signed by the parties to be effective.  Ngheim

18   v. NEC Elec., Inc., 25 F.3d 1437, 1439 (9th Cir. 1994) (citing Genesco, Inc. v. T. Kakiuchi

19   & Co., 815 F.2d 840, 846 (2nd Cir. 1987) ("it is well-established that a party may be bound

20   by an agreement to arbitrate even absent a signature . . . Further, while the Act requires a

21   writing, it does not require that the writing be signed by the parties.")).

22        There is nothing in the Agreement which requires Continental's signature.

23   Furthermore, the law is clear that the arbitration clause may be enforced even if the parties

24   do not sign the Agreement.  Id.  Accordingly, the Agreement is valid and enforceable.

25

26

ORDER   3–

2.        Waiver of Right to Arbitrate

Plaintiff argues that Continental has waived its right to arbitrate the claims.  A party seeking to prove waiver must show: (1) the movant's knowledge of an existing right to compel arbitration; (2) acts inconsistent with invoking that right; and (3) prejudice to the non-moving party.  Global Sec. & Comm., Inc. v. AT&T, 1999 WL 513873, *2 (9th Cir. 1999) (citing Fisher v. A.G. Becker Paribas, Inc., 791 F.2d 691, 694 (9th Cir. 1986)).

Continental had knowledge of its right to compel arbitration as the Agreement was drafted by Continental.  This element is not disputed by either party.  Accordingly, the first element of wavier is met.

However, Continental did not act inconsistently with its right to compel arbitration.  In order to act inconsistently with the right to arbitrate, the party seeking arbitration must have "begun litigation of the substantial issue going to the merits of the case."  Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2nd Cir. 1985).  Plaintiff argues that "[a]t no time during the EEOC adversarial proceeding, all the way up through the time the Answer was filed in this case, was the notice given that arbitration was sought."  Although Continental has answered Plaintiff's complaint, it explicitly stated in the Answer that "Plaintiff's claims are subject to mandatory arbitration, and [Continental] does not waive its right to arbitrate."  Docket no. 10, at 4.

Additionally, there has been no substantial pursuit of the litigation on the merits.  See Rush, 779 F.2d at 887 (holding that the Defendant had not waived its right to arbitrate even when it "[took] rather extensive discovery, [brought] a motion to dismiss, and [posed] thirteen affirmative defenses to the amended complaint, all without raising the right to arbitration."); See also Williams v. Cigna Fin. Advisors, 56 F.3d 656, 661 (5th Cir. 1995) (stating that waiver did not exist even when the defendant "removed the action to federal court, filed a motion to dismiss, filed a motion to stay proceedings, answered [the] complaint, asserted a counterclaim, and exchanged Rule 26 discovery.").  Plaintiff has

ORDER   4–

acknowledged that there has been little or no activity in this case.  Plaintiff's Motion to

Amend, docket no. 16-1, at 3.  Accordingly, Continental has not acted inconsistently with its

right to compel arbitration.[1]

As Continental did not act inconsistently with its right to compel arbitration, there has

been no waiver of the right to compel arbitration.

3.      Unconscionability of the Arbitration Clause

Plaintiff claims that the arbitration clause in the Agreement is unconscionable as the

provisions of the Agreement are overly harsh and are a product of adhesion.  However, an

employee is bound to an arbitration agreement when she signs whether she read or

negotiated the provisions or not.  Zuver v. Airtouch, 153 Wn.2d 293, 306 (2004); Tjart v.

Smith Barney, Inc., 107 Wn.App. 885 (2001).  Plaintiff did sign the Agreement which

acknowledged that she had examined the provisions included within it.  Accordingly, the

arbitration clause is not unconscionable and its provisions will be enforced.

4.      Arbitration of the Plaintiff's Claims

The scope of an arbitration clause is governed by federal law.  Tracer Research Corp.

v. Nat'l Envtl. Services Co., 42 F.3d 1292, 1295 (9th Cir. 1994) (citing Mediterranean

Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1463 (9th Cir. 1983)). The Federal

Arbitration Act applies to this employment contract.  Circuit City Stores, Inc. v. Adams, 532

U.S. 105, 119 (2001).

There is a liberal federal policy favoring arbitration agreements.  Moses H. Cone

Mem'l Hosp.  v.  Mercury Const. Corp., 460 U.S. 1, 24-25 (1983); See also

Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 226 (1987); Chiron Corp. v.

Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1131 (9th Cir. 2000); Simula Inc. v.

Autolive, Inc., 175 F.3d 716, 719 (9th Cir. 1999) ("The standard for demonstrating

---

[1] Similarly, as there has been little or no activity in this case, Plaintiff cannot prove that the
third element of waiver, prejudice, is met.

ORDER   5–

1   arbitrability is not high.").  Accordingly, Plaintiff's claims will be liberally read to determine

2   whether they are subject to arbitration.

3          The Agreement in this case provides that any dispute or claim "arising out of or

4   related to" the Agreement shall be arbitrated.  Jackson Decl., docket no. 15-2, Exh. A at 11.

5   While the "arising out of" language is intended to cover a narrow scope of disputes, the

6   addition of the "related to" language broadens the scope of the arbitrable claims.  Tracer, 42

7   F.3d at 1295; Mediterranean, 708 F.2d at 1464; Chiron, 207 F.3d at 1131.  In order to be

8   within the scope of this particular arbitration clause, the factual allegations advanced by

9   Plaintiff need only "touch matters" covered by the Agreement.  Simula, 175 F.3d at 721.

10         Plaintiff's claims fall within the broadly written arbitration clause.  An employer may

11  require employees to arbitrate their discrimination claims as a condition of their employment.

12  EEOC v. Luce, Forward, Hamilton, & Scripps, 303 F.3d 994, 1004 (9th Cir. 2002).  The

13  "related to" language contemplates arbitration of claims beyond those just regarding the

14  interpretation and performance of the contract.  Tracer, 42 F.3d at 1295; Mediterranean, 708

15  F.2d at 1464.  Accordingly, the Plaintiff's claims must be arbitrated.

16  III.   CONCLUSION

17         Defendant Continental has demonstrated that Plaintiff's claims are subject to

18  arbitration under the Agreement.  Accordingly, the Court GRANTS the Defendant's Motion

19  to Compel Arbitration, docket no. 13 and STAYS further proceedings in this action pending

20  arbitration.

21         IT IS SO ORDERED.

22         DATED this 16th day of November, 2007.

23

24         _____

25         Thomas S. Zilly
           United States District Judge

26

ORDER  6–